Order Filed on September 18, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-l(b)<br><br>**COHN LIFLAND PEARLMAN**<br>**HERRMANN & KNOPF LLP**<br>Attorneys for Secured Creditor, George M. Duncan, Jr.<br>250 Pehle Avenue, Suite 401<br>Saddle Brook, New Jersey 07663<br>(201)-845-9600 | |
| In Re:<br><br>TUHAP HOLDINGS, LLC | Case No.:  19-26180(KCF)<br><br>Hearing Date:<br><br>Judge:  Kathryn C. Ferguson<br><br>Chapter:  7 |

Recommended Local Form Modified

**ORDER VACATING STAY**

The relief set forth on the following page is hereby **ORDER ED.**

**DATED: September 18, 2019**

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

Upon the motion of   secured creditor George M.  Duncan, Jr., under Bankruptcy Code section 362(d) for relief from the automatic stay as to certain property as hereinafter set forth, and for cause shown, it is

ORDERED that the automatic stay is vacated to permit the movant to institute or resume and prosecute to conclusion one or more actions in the court(s) of appropriate jurisdiction to pursue the movant's rights in the following:

☒ Real property more fully described as:

168 Tennent Road
Marlboro, New Jersey
Block 147/Lot 35 a/k/a Block 37/Lot 31

It is further ORDERED that the movant, its successors or assignees, may proceed with its rights and remedies under the terms of the subject mortgage and pursue its state court remedies including, but not limited to, taking the property to sheriffs sale, in addition to potentially pursuing other loss mitigation alternatives, including, but not limited to, a loan modification, short sale or deed-in-lieu foreclosure. Additionally, any purchaser of the property at sheriff's sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the property.

It is further ORDERED that the movant may join the debtor and any trustee appointed in this case as defendants in its action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code.

It is further ORDERED that a certified copy of this Order may be recorded with the Monmouth County Clerk as proof that the real property referenced above shall not be subjected to any bankruptcy stay for two (2) years from the date hereof pursuant to 11 U.S.C. §362 (d)(4).

The movant shall serve this order on the debtor, any trustee and any other party who entered an appearance on the motion.

*rev. 11/14118*